IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEBA ETHIOPIAN RESTAURANT,      *
INC. d/b/a Queen of Sheba        *
Ethiopian Restaurant,            *
                                 *
     Plaintiff,                  *
                                 *      CIVIL ACTION FILE
     -vs-                        *
                                 *      No. 1:17-cv-04400-SCJ
DEKALB COUNTY, GEORGIA,          *
JEFF RADER, KATHIE GANNON,       *
JOSEPH COX, JOHN JEWETT,         *      JURY TRIAL DEMANDED
ANDREW A. BAKER, ZACHARY L.      *
WILLIAMS, and DAVID ADAMS,       *
all in their individual and      *
official capacities,             *
                                 *
     Defendants.                 *

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

I. <u>Introduction</u>.

In moving to dismiss certain claims, the defendants contend primarily that this action is barred by res judicata.  They are incorrect.  Because no state court has ever adjudicated the merits of the claims raised in this complaint, Georgia's res judicata does not apply.  The thrust of this case is that the County is enforcing its fire, building, and alcohol ordinances in selective fashion, targeting those businesses which cater to an African-based clientele for heightened enforcement.  Even though the allegations plausibly state claims challenging this

practice, Sheba will seek leave to amend its complaint in order to develop the factual allegations.

II. <u>Argument</u>.

A. <u>Sheba's complaint is not barred by res judicata</u>.

The defendants argue that res judicata bars Sheba's claims because Sheba filed state-court actions concerning the County's administrative decisions before commencing this federal civil rights action. This argument fails because the defendants are unable to demonstrate the elements of res judicata, in that (1) Sheba's claims are not based on "the same cause of action" in light of significant changes in material facts that occurred between the now-dismissed state-court lawsuits and this federal suit, (2) there has not been a previous adjudication <u>on the merits</u> by a court of competent jurisdiction, and (3) Sheba did not have a full and fair opportunity to litigate its claims in the state-court proceedings. This federal civil rights lawsuit action is not precluded by res judicata.

1. <u>The test for *res judicata*</u>.

In determining the proper preclusive effect in federal court of a state court decision, a federal court is to apply the state court rule of preclusion. <u>Cmty. State Bank v.</u>

Strong, 651 F.3d 1241, 1263 (11th Cir. 2011).  Under Georgia law, three prerequisites must be met before res judicata might apply: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction.  Waldroup v. Greene Cty. Hosp. Auth., 265 Ga. 864, 866 (1995).  For the third prong of this test to be met, the judgment must be final.  Blocker Farms of Fla., Inc. v. Buurma Properties, LLC, 654 F. App'x 402 (11th Cir. 2016)(citing O.C.G.A. § 9-12-40 and Mitchell v. Mitchell, 97 Ga. 795, 25 S.E. 385, 386 (1896), for the proposition that "It is only a final judgment upon the merits which prevents further contest upon the same issue....").  "[T]he party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action."  Fowler v. Vineyard, 261 Ga. 454, 455-56 (1991).  All of these elements must be demonstrated by the party who asserts that res judicata applies.

> 2. <u>The claims are not based on "the same cause of action" because of significant changes in material facts</u>.

In Georgia, res judicata requires a showing of "an identity of causes of action."  Lilly v. Heard, 295 Ga. 399, 403 (2014).  A cause of action has been defined as "the

entire set of facts which give rise to an enforceable claim." Id. (emphasis added).  The Georgia Supreme Court has held that "[w]here some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former, although the subject matter may be the same, and even though the causes arose out of the same transaction." Morrison v. Morrison, 284 Ga. 112, 116 (2008)(citations omitted); see also Cheshire Bridge Holdings, LLC v. City of Atlanta, Georgia, 1:15-CV-3148-TWT, 2018 WL 279288, at *4 (N.D. Ga. Jan. 3, 2018)("Former judgments do 'not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.").

Here, there has been a meaningful change in material facts between the previous, now-dismissed state-court filings (Sheba I[1] and Sheba II[2]) and the current, federal action.  On April 21, 2017, Sheba lost its business license,

---

[1] Sheba Ethiopian Restaurant, Inc. v. DeKalb County, Case No. 17CV4864-9 (Ga. Super. Ct. Apr. 28, 2017).

[2] Sheba Ethiopian Restaurant, Inc. v. DeKalb County, Case No. 17CV7588-9 (Ga. Super. Ct. July 13, 2017).

-4-

certificate of occupancy ("CO"), and grandfathered zoning status.  Notably, the CO and grandfathered status were revoked largely on the fact that Sheba had lost its business license.

Sheba initially challenged the County's actions by filing <u>Sheba I</u> on April 28, 2017, which was voluntarily dismissed on July 5, 2017.  <u>Sheba II</u> was filed on July 13, 2017.  On July 24, 2017, the Certificate Review Board reversed the revocation and denial of Sheba's business license.  This nullified one of the primary grounds for revocation of Sheba's CO and grandfathered status.  This constitutes a meaningful change to "the entire set of facts" that obtained during the pendency of its first state court lawsuit or its second.  These developments meaningfully change the position of the parties such that there is no "identity of causes of action" under Georgia law.  <u>Compare with</u> <u>Lilly</u>, 295 Ga. at 403-404 (identity of causes of action existed where plaintiffs "did not allege <u>any</u> change" in operative facts between two lawsuits)(emphasis added).

   3.   <u>Sheba never had a full and fair</u>
        <u>opportunity to litigate its claims in</u>
        <u>the previous state-law proceedings.</u>

Claim preclusion applies only "when a party has had a 'full and fair opportunity to litigate' the claims and

-5-

issues settled in a previous suit." Morris v. May, 570 F.
App'x 903, 905 (11th Cir. 2014)(quoting Taylor v. Sturgell,
553 U.S. 880, 892-93 (2008)); Sorrells Const. Co. v.
Chandler Armentrout & Roebuck, P.C., 214 Ga. App. 193, 194
(1994)("[C]laim preclusion will bar a plaintiff's action if
... the plaintiff had a full and fair opportunity to
litigate the other action....").

Sheba brought previous causes of action in state court.
Sheba I sought a writ of mandamus and equitable relief;
Sheba II was brought as an action for certiorari, a limited
statutory proceeding under Georgia law.  Due to the nature
of those actions, and the procedural shortcomings of the
underlying Zoning Board of Adjustment proceedings, neither
action afforded the Sheba a full and fair opportunity to
litigate its claims.  This presents a separate and
independently sufficient ground for rejection of the
defendants' contention that the federal suit is precluded.

   I.   Sheba I did not present a "full and
        fair" opportunity because it was an
        action for mandamus filed before a
        meaningful change in material facts.

Georgia courts have held that a change in circumstances
may bring about a plaintiff's first full and fair
opportunity to litigate.  See Executive Fitness, LLC v.

-6-

Healey Bldg. Ltd. P'ship, 290 Ga. App. 613 (2008)(landlord
did not have full and fair opportunity to litigate its right
to payments that had not yet become due at the time of its
first judgment against tenant, where lease was still in
effect at the time the first suit was commenced, and the
rent sought in the second suit had not yet accrued.).

When Sheba's mandamus petition (Sheba I) was filed,
Sheba's business license had not yet been restored.  As
described above, Sheba's CO and grandfathered status were
revoked largely on the basis of the fact that Sheba had lost
its business license.  Later the CRB reversed the revocation
and denial of Sheba's business license.  This effectively
nullified one of the primary grounds for revocation of
Sheba's certificate of occupancy and grandfathered status.
Without the benefit of this crucial fact, Sheba did not have
a full and fair opportunity to litigate.

Most critical here, Sheba I was voluntarily dismissed.
Even if the Sheba I proceeding would or could have provided
a full and fair opportunity to vet the claims Sheba seeks to
raise here, Sheba I was dismissed without prejudice, and
there was no final judgment on the merits in that case.
This element of res judicata is missing, too.

ii.  The *Sheba II* certiorari proceeding did

-7-

<u>not present a "full and fair"
opportunity to litigate because it is
based on the limited ZBA record below</u>.

In <u>Sheba II</u> the scope of review on certiorari was limited to those errors raised and presented for decision in the lower tribunal and raised in the petition.  <u>See</u> <u>Willis v. Jackson</u>, 148 Ga. App. 432, 434 (1978).  These limitations prevented Sheba from having a full and fair opportunity to litigate its claim.

The certiorari action is a "special statutory proceeding" under Georgia's Civil Practice Act.  <u>Buckler v. DeKalb County</u>, 290 Ga. App. 190, 191 (2008).  It is the remedy for "the correction of errors committed by any inferior judicatory or any person exercising judicial powers...."  O.C.G.A. § 5-4-1(a).  A petition for writ of certiorari is the exclusive means by which a petitioner can challenge a judicial or quasi-judicial decision by a "lower tribunal."  <u>See</u> <u>Soerries v. City of Columbus</u>, 222 Ga. App. 745, 745 (1996).

For preclusion purposes, the certiorari proceeding in <u>Sheba II</u> was limited to the County's denial of Sheba's loss of the CO and grandfathered status.  Hearings before the Zoning Board of Appeals, however, allow for only limited factual and legal development.  The appeal process allows

-8-

for submissions on such matters including allegations of
"error in any final order, requirement, or decision made by
an administrative official based on or made in the
enforcement of the county's zoning ordinance, or as
otherwise authorized by applicable law."  DeKalb Cty. Code
Sec. 1131(a).  The ZBA's duty is to "to review such facts
and evidence in light of the intent of the county's zoning
ordinance to balance the public health, safety, and general
welfare."  DeKalb Cty. Code Sec. 1131(d).

Sheba could not meaningfully present its federal
constitutional arguments in the state court proceedings
filed before this action.  When Sheba II was filed, the CRB
had not yet reversed the denial and revocation of Sheba's
business license; these facts were not (and could not be)
part of the record that went up to the Superior Court for
the certiorari proceeding.  In light of the limited factual
and legal development involved in the ZBA proceedings —
which formed the basis for Sheba's previous, now-dismissed
state court actions — Sheba never had a full and fair
opportunity to litigate its claims.

Once Sheba began to pursue certiorari, which is the
only state remedy for challenging the ZBA decision, it had
no choice on the scope of relief available.  The certiorari

-9-

proceedings are too limited to litigate its claims for equal
protection claim based on selective enforcement against
other Ethiopian-owned businesses.  As described in the
complaint, Sheba is not the only business owned or
patronized by Africans and African-Americans that has been
targeted for unequal enforcement by the County:

- In December 2015, the Day and Night restaurant,
  which catered to a predominantly African-American
  clientele, was forced to close. [Doc. 1, ¶ 69.]

- In April 2016, the Ledet Restaurant (aka "Aroma
  Lounge"), which catered to a predominantly
  African-American clientele, was forced to close.
  [Doc. 1, ¶ 70.]

- Six other Ethiopian establishments have been
  targeted by the defendants.  Some were forced to
  move or close permanently. v[Doc. 1, ¶ 71.]

These facts were not amenable to litigation in the
certiorari proceeding, which is limited solely to the matter
of Sheba's individual licensing issues.

Like Sheba I, and critical here too, Sheba II was
voluntarily dismissed.  Even if the Sheba II proceeding
would or could have provided a full and fair opportunity to
vet the claims Sheba seeks to raise here (and it could not),

-10-

<u>Sheba I</u> was dismissed without prejudice, and there was no final judgment on the merits in that case.

B.   <u>In light of sovereign immunity, Sheba</u>
<u>stipulates to dismissal of claims 1-3</u>
<u>(except mandamus) to the extent they</u>
<u>pertain to officials in their official</u>
<u>capacity</u>.

Sheba agrees to dismiss claims 1-3 (except mandamus) solely to the extent that claims 1-3 apply to county officials who are named in their official capacity.  Sheba agrees to this dismissal in light of counties' sovereign immunity.  <u>See</u> <u>Gilbert v. Richardson</u>, 264 Ga. 744, 747 (1994)(extension of sovereign immunity to the state and its departments and agencies must also apply to counties).

C.   <u>Sheba's complaint establishes</u>
<u>constitutional violations, including</u>
<u>several ignored by defendants' dismissal</u>
<u>brief</u>.

Contrary to the defendants' position, Sheba's complaint properly alleges violations of the right to due process. Second, the defendants fail to even address Sheba's claims for violation of its rights to equal protection and free speech.

-11-

1.   Due Process.

In Count 2, Sheba presents a claim against the County
for violating Sheba's right to procedural due process.  The
defendants correctly assert that to state a procedural due
process claim, Sheba must show that state remedies are
inadequate to remedy the alleged procedural defect.  See
Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir.
2000)(quoting McKinney v. Pate, 20 F.3d 1550, 1557 (11th
Cir. 1994)(en banc)("only when the state refuses to provide
a process sufficient to remedy the procedural deprivation
does a constitutional violation actionable under Section
1983 arise.")).

Yet the prior proceedings did not afford a
constitutionally adequate process for Sheba to raise its
federal claims.  A fundamental requirement of due process
"is the opportunity to be heard and it is an 'opportunity
which must be granted at a meaningful time and in a
meaningful manner.'"  Parratt v. Taylor, 451 U.S. 527, 540
(1981).

On March 25, 2017, the County's fire marshal issued
"Notice of Fire Hazard" to Sheba requiring it to shut down
immediately.  Sheba had no pre-deprivation opportunity to
contest this, and it has since suffered damages as a result.

The previous state-court proceedings were limited such that they did not afford Sheba with adequate process to contest the broader constitutional violations addressed in its federal complaint. (As described above, these include an equal protection claim supported by and demonstrating broad-based selective enforcement against other African-owned businesses.)

Finally, the defendants incorrectly argue that Sheba is estopped from asserting that certiorari was an inadequate state remedy.  This contention relies on a faulty definition of estoppel.  The doctrine of judicial estoppel bars parties from asserting "[i]nconsistent positions in successive litigation."  Wright and Miller's Fed. Prac. & Proc. Juris. § 4477 (2d ed.).  It precludes a party from asserting a position in one judicial proceeding which is inconsistent with a position successfully asserted by the party in an earlier proceeding, in order to "prevent the perversion of the judicial process" and "protect [its] integrity ... by prohibiting parties from deliberately changing positions according to the exigencies of the moment."  Slater v. United States Steel Corp., 871 F.3d 1174, 1180 (11th Cir. 2017).

In this case, Sheba has never asserted contrary

-13-

positions in successive litigation.  Rather, Sheba's federal
lawsuit seeks redress of constitutional rights violated by
the defendants.  Including additional federal claims is not
contrary to Sheba's position in earlier, inadequate
proceedings.  Therefore estoppel does not apply.

2.   The constitutional violations ignored by
         the defendants' motion.

The defendants fail to address a few constitutional
claims advanced by Sheba – namely, violations of Sheba's
rights to free speech and equal protection.  Each of these
claims constitute separate grounds for adjudication.  See
Soldal v. Cook County, 506 U.S. 56, 70 (1992)("Where such
multiple violations are alleged, [courts should] examine
each constitutional provision in turn.").  The defendants'
failure to address these additional claims defeats their
motion that Sheba's suit should be dismissed.

*Count 1: Equal Protection Violations*

The Equal Protection clause is "essentially a direction
that all persons similarly situated be treated alike."  City
of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439
(1985).  The Supreme Court has held that an individual's
assertion that she was irrationally and arbitrarily singled
out by governmental officials stated a proper "class of one"

-14-

claim under the Equal Protection clause.  See Village of
Willowbrook v. Olech, 528 U.S. 562 (2000).  To prevail on a
"class of one" claim, the plaintiff will have to show (1)
they were intentionally treated differently from others who
were "similarly situated" and (2) that there is no rational
basis for the difference in treatment.  Grider v. City of
Auburn, Ala., 618 F.3d 1240, 1265 (11th Cir. 2010).

Sheba has properly alleged a "class of one" claim under
the Equal Protection Clause:

> the County has discriminated against Sheba by
> allowing similarly situated venues to obtain and
> retain those certificates and licenses necessary
> to operate a late night establishment, even though
> such venues have offended identical sections of
> the County's Codes, and this disparate treatment
> is based on an animosity toward Sheba and
> otherwise serves no rational purpose[.]

[Doc. 1, ¶ 82(a).]  Sheba has provided a list of
comparators, i.e., other alcohol-licensed restaurants who
serve primarily a white clientele.  [Doc. 1, ¶¶ 73-75.]
This is required for a class-of-one claim.  Sheba has also
alleged that the defendants have targeted their business for
reasons of racial or ethnic animus, as required for the more
familiar selective enforcement claims.  [Doc. 1, ¶¶ 68-71;
82(b)-(c).]  Sheba intends to seek leave to amend their
complaint, where they will offer additional facts

-15-

establishing enforcement based on racial and ethnic animus.

*Count 3: Free Speech Violations*

Sheba intends to seek leave to amend its complaint, and to further develop these factual allegations in an amended complaint.

D.   Sheba intends to seek leave to amend its complaint in order to address the defendants' "shotgun pleading" grounds for dismissal.

The defendants seek to dismiss Sheba's complaint on the basis that it is a "shotgun pleading." Sheba will seek leave to amend its complaint in order to address this contention.

E.   Sheba seeks to amend its complaint to establish its conspiracy claim.

After filing its federal complaint, Sheba gathered additional evidence to support its conspiracy claim. Sheba will seek leave to amend its complaint in order to further plead these allegations.

F.   Sheba's § 1983 claim is properly alleged under *Monell* because county ordinances, and their execution, caused Sheba harm.

The defendants assert that Sheba has failed to show

-16-

that an official policy or custom caused the constitutional
violations alleged in its complaint.  To the contrary, Sheba
has asserted that its injuries were caused by the defendants
in the most straightforward possible manner, as required by
Monell v. N.Y. Department of Social Svs., 436 U.S. 658
(1978).  In Monell the Supreme Court held that "[l]ocal
governing bodies can be sued directly under § 1983 ... where
... the action that is alleged to be unconstitutional
implements or executes [an] ordinance ... officially adopted
and promulgated by that body's officers."  Id. at 690.

Section 1983 municipal liability may be imposed when
(1) the enforcement of a municipal policy or custom was (2)
"the moving force" of the violation of federally protected
rights.  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown,
520 U.S. 397, 404 (1997).  If these two requisites are
satisfied, a single unconstitutional act taken by a
municipal employee provides a sufficient basis for imposing
§ 1983 liability upon the entity.  Pembaur v. Cincinnati,
475 U.S. 469, 478 n.6 (1986).

Here, the County's numerous unconstitutional acts and
policies have caused Sheba harm, within the meaning of
Monell.  See Doc. 1, ¶ 87 ("The County's ordinances give the
fire marshal and building inspector to [deprive Sheba of

-17-

property rights and liberty interests]"); ¶ 92 ("the County's [ordinances] are vague facially and as applied to Sheba"). Therefore Sheba has properly alleged its claim under <u>Monell</u>.

     G. <u>Sheba intends to address qualified immunity in a subsequent amended complaint</u>.

Since filing this federal complaint, Sheba has gathered additional evidence demonstrating that the defendants do not have qualified immunity for the harms inflicted on Sheba. Based on this new evidence, Sheba will seek leave to amend its complaint in order to develop these factual allegations.

     H. <u>Sheba intends to address official immunity in a subsequent amended complaint</u>.

After filing its federal complaint, Sheba gathered additional evidence to demonstrate that the defendants do not have official immunity for the harms inflicted on Sheba. Sheba intends to seek leave to amend its complaint in order to develop these factual allegations.

    III. <u>Conclusion</u>.

For these reasons, Sheba respectfully asks the Court to deny the defendants' motion to dismiss.

This 13th day of July, 2018.

-18-

Respectfully submitted,

WIGGINS LAW GROUP


BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone:  (404) 659-2880
Facsimile:  (404) 659-3272
cary@wigginslawgroup.com

## CERTIFICATE OF SERVICE

I certify that on this date, I electronically filed this PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Bennett D. Bryan, Esq.
> John E. Jones, Jr., Esq.
> Senior Assistant County Attorney
> DeKalb County Law Department
> 1300 Commerce Drive, 5th Floor
> Decatur, GA 30030

This 13th day of July, 2018.

By: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP
Suite 401
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3274
cary@wigginslawgroup.com

-20-